1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7              EASTERN DISTRICT OF CALIFORNIA

8

9

   PAMELA RAE THOMAS,                          Case No. 1:18-cv-01711-SKO

10                 Plaintiff,
                                               **ORDER GRANTING PLAINTIFF'S**
11        v.                                   **COUNSEL'S UNOPPOSED MOTION**
                                               **FOR ATTORNEY'S FEES PURSUANT**
12   ANDREW SAUL,                              **TO 42 U.S.C. § 406(b)**
   Commissioner of Social Security[1],
13                 Defendant.                  (Doc. 21)

14   _____/

15

16                    **I.      INTRODUCTION**

17        On October 30, 2020, Jonathan Omar Pena ("Counsel"), counsel for Plaintiff Pamela Rae

18   Thomas ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)

19   ("section 406(b)").  (Doc. 21.)  On November 2, 2020, the Court issued a minute order requiring

20   Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition

21   to Counsel's motion, if any, by no later than November 20, 2020.  (Doc. 23.)  Plaintiff and the

22   Commissioner were served with copies of the motion for attorney's fees and the minute order.

23   (Docs. 22, 24.)   On November 16, 2020, the Commissioner timely filed a statement of non-

24   opposition.  (Doc. 25.)  Plaintiff did not file any objection to the motion by the November 20, 2020

25   deadline.  (*See* Docket.)  The motion is therefore deemed unopposed.

26   _____

27   [1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration.  *See*
   https://www.ssa.gov/agency/commissioner.html (last visited by the court on August 26, 2019).  He is therefore
   substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20
28   C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper
   defendant").

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted in the amount of $24,592.90, subject to an offset of $4,750.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on July 24, 2019 (*see* Doc. 20).

## II.      BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act.  (Doc. 1.)  The parties stipulated to voluntarily remand the case pursuant to Sentence Four of 42 U.S.C. 405(g) on July 2, 2019, and judgment was entered in favor of Plaintiff and against the Commissioner on July 8, 2019.  (Docs. 14, 15, 16.)  On July 23, 2019, the parties stipulated to an award of $4,750.00 in attorney fees under EAJA, which was entered on July 24, 2019.  (Docs. 19, 20.)

On remand, the Commissioner found Plaintiff disabled as of November 2014.  (*See* Doc. 21-1.)  On October 27, 2020, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding her $98, 371.60 in back payments.  (*See* Doc. 21-1 at 3 (indicating 25% of past due benefits totals $24,592.90.).)  On October 30, 2020, Counsel filed a motion for attorney's fees in the amount of $24,592.90, equal to 25% of Plaintiff's back benefits, with an offset of $4,750.00 for EAJA fees already awarded.  (Doc. 21 at 3.)  It is Counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.      DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147

1   (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).   The

2   Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee

3   award is not paid by the government.   *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d

4   324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.   The goal of

5   fee awards under section 406(b) is to provide adequate incentive to represent claimants while

6   ensuring that the usually meager disability benefits received are not greatly depleted.   *Cotter v.*

7   *Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

8   807.1

9       The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

10  that the requested fee is reasonable.   *Gisbrecht*, 535 U.S. at 808–09 (section 406(b) does not displace

11  contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to

12  review for reasonableness fees yielded by those agreements).   "Within the 25 percent boundary . . .

13  the attorney for the successful claimant must show that the fee sought is reasonable for the services

14  rendered."   *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not

15  specify how courts should determine whether a requested fee is reasonable" but "provides only that

16  the fee must not exceed 25% of the past-due benefits awarded").

17      Generally, "a district court charged with determining a reasonable fee award under

18  § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

19  first to the contingent-fee agreement, then testing it for reasonableness.'"   *Crawford*, 586 F.3d at

20  1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).   The United States Supreme Court has identified

21  several factors that may be considered in determining whether a fee award under a contingent-fee

22  agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

23  representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

24  dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

25  benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

26  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

27  cases.   *Id*.  (citing *Gisbrecht*, 535 U.S. at 807–08).

28      Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides:

1

I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.

2

3

[¶] . . . [¶]

4

5

6

7

It is possible that I will not pay any attorney fee out of my past-due benefits for my attorney's work on my behalf in court, but rather my attorney will receive the EAJA award as his or her sole compensation for representing me in court.  However, my attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court.  If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my attorney must refund to me the smaller fee.

8

(Doc. 21-2 (signed December 10, 2018).)

9

The Court has considered the character of Counsel's representation of Plaintiff and the good

10

results achieved by Counsel, which included an award of benefits.  Counsel spent 25.25 hours

11

representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision

12

was reversed and remanded to the agency for reconsideration.  (Doc. 21 at 4–5, 7; Doc. 21-3 (time

13

sheets accounting for 25.25 attorney hours spent representing Plaintiff before this Court).)  There is

14

no indication that a reduction of the award is warranted due to any substandard performance by

15

Counsel as Counsel secured a successful result for Plaintiff.  There is also no evidence that Counsel

16

engaged in any dilatory conduct resulting in delay.

17

Although the accepted range in the Fresno Division for attorneys like Counsel with less than

18

ten years of experience (*see* Doc. 21 at 7) is between $175 and $300 per hour in non-contingency

19

cases*, see Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal.

20

Dec. 17, 2014), here the effective hourly rate requested equals $973.97 per hour.  (*See* Doc. 21 at

21

8.)  This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases

22

involving social security contingency fee arrangements.  *See Thomas v. Colvin*, No.

23

1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective

24

hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB,

25

2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49

26

for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D.

27

Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa*

28

*v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010)

(approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"). Further, attorney's fees in the amount of $24,592.90 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 21-2.) Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 15, 21-1.)

An award of attorney's fees pursuant to section 406(b) in the amount of $24,592.90 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $4,750.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

1

### IV.     CONCLUSION AND ORDER

2      For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant

3  to section 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

4      1.      Counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. §

5  406(b) in the amount of $24,592.90 (Doc. 21) is granted;

6      2.      Counsel shall refund to Plaintiff $4,750.00 of the section 406(b) fees awarded as an

7  offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 20); and

8      3.      Counsel for Plaintiff shall file on the Court's docket proof of service of this order

9  upon Plaintiff at her current or last known address.

10

IT IS SO ORDERED.

11

12  Dated:   **December 8, 2020**                    /s/ *Sheila K. Oberto*

13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28